No. 324
STEVENSON v. MAURER
Ohio Court of Appeals, Cuyahoga County
No. 4127.  Feb. 12, 1923
This opinion has not been published except in Abstract.

EQUITY—(1) Contract relating to realty may be enforced by persons claiming under one of original parties—(2) Upon unconditional refusal to comply with contract, tender is unnecessary—(3) Laches sufficient to bar equitable relief must be delay working to disadvantage of other party.

LEVINE, J.

Epitomized Opinion

Appeal from Cuyahoga Court of Common Pleas

One Benson contracted with Maurer to purchase from him certain real property and an escrow agreement was drawn containing certain provisions. Among other provisions was one stating that a conveyance would be made to "Benson, or whomever she may nominate" and also one allowing Benson 60 days in which to refinance a first mortgage on the property, which Benson had assumed. On the same day, when the escrow agreement was entered into, Benson delivered to Stevenson, then doing business as the Stevenson Realty Co., a paper in writing whereby she transferred all her rights and benefits to the contract to the said company. Maurer upon learning of this refused unconditionally to go on with the contract, and, as a defense to an action by Stevenson, claims Stevenson is not the real party in interest, that she made no proper tender, and was guilty of laches. Held by court of appeals in entering a decree for Stevenson:

1. Contract relating to realty may be enforced not only between the original parties but also between any persons claiming under them in privity of estate, representation or title.

2. Equity does not require idle acts. In the face of unconditional refusal to comply with the terms of a contract, tender is unnecessary.

3. Laches which bar equitable relief must consist not of mere delay but delay which works to the disadvantage of the other contracting party.

Attorneys—Dorr Warner, for Stevenson; B. D. Nicola, for Maurer.

---

No. 325
SAMMON v. BURGETT
Ohio Court of Appeals, Lorain County
No. 221.  Feb. 16, 1923
This opinion has not been published except in Abstract

MALICIOUS PROSECUTION—(1) Motion to dismiss petition because it does not state cause of action is entry of appearance—(2) Tort action may be brought against defendants jointly or severally—(3) Evidence of special damage improperly admitted, when only general damage was alleged in petition.

Epitomized Opinion

Error to Lorain Court of Common Pleas

WASHBURN, J.

Burgett brought action against four defendants to recover damage for malicious prosecution. He claimed that the defendant maliciously caused his arrest on an embezzlement charge, upon which he was acquitted. One of defendants, Peter Sammon, resided in Lorain county, where the suit was brought, but the other defendants were not residents therein. No case was made out against Peter Sammon, and the other defendants claim that, for this reason, he being the only resident of Lorain county, the court was without jurisdiction in the case. In the motion to dismiss the petition the reason was given, in addition to lack of jurisdiction, that the petition did not state a cause of action against either of defendants. Evidence was admitted showing damage to Burkett in his private and business life, some of the evidence being hearsay. Held by court of appeals in reversing the judgment, except as to Sammon:

1. A motion to dismiss a petition because it does not state a sufficient cause of action is an entry of appearance in the action.

2. Where an action is brought to recover for a tort, persons contributing to the injury may be sued jointly or severally, and recovery may be had against all or a part of defendants, and the judgment may be reversed as to some and affirmed as to others.

3. When the petition alleges that the plaintiff was injured in his business and his reputation it is error to admit evidence, especially hearsay evidence showing special damage.

Attorneys—F. M. Stevens and Hart & Kohler, for Sammon; Stroup & Rice and Thomas Ross, for Burgett.

---

# U. S. COMMISSIONERS

| Northern District | Columbus—Henry Gumble, F. |
| Akron—Dow W. Harter. | Wright. |
| Canton—Julius Whiting, Jr. | Dayton—C. W. Levy. |
| Cleveland - - J. B. Waterworth | Gallipolis—H. C. Johnston. |
| City. Zinner E. J. Hopple. | Ironton—Thos. A. Jenkins. |
| Toledo—Frank C. Crane, Fred | Marietta—T. J. Summers. |
| W. Gaines. | Portsmouth—John F. Johney. |
| Youngstown—Clifford M. Wood- | Springfield—F. A. Johnston. |
| side. | Steubenville—W. D. Miller. |
| | Zanesville—F. F. Frazier. |
| Southern District | Washington C. H.—A. C. Patton. |
| Bellefontaine—J. E. West. | |
| Chillicothe—L. E. Evans. | Steubenville—C. A. Vail. |
| Cincinnati—E. M. Hurley, | Zanesville—E. R. Myer. |
| M. Gregory. | Eaton—A. M. Crisler. |